CLOSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**

MAY 23 2005

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

CHARLES EDWARD MORSE,

        Petitioner,

v.                                CASE NO. 05-CV-71374-DT
                                 HONORABLE LAWRENCE P. ZATKOFF

JAY M. SAMUELS,

        Respondent.
_____/

## ORDER OF DISMISSAL

This matter is pending before the Court on Petitioner's combined motion for discovery and petition for the writ of habeas corpus under 28 U.S.C. § 2254. The petition and exhibits allege that Petitioner pleaded guilty on May 21, 2001, to one count of criminal sexual conduct in the second degree. He was sentenced on July 2, 2001, to imprisonment for two to fifteen years. He alleges that he did not appeal his conviction.

Petitioner filed his *pro se* habeas petition on April 8, 2005. He states that his pleading is a criminal complaint against Detective Sergeant Jay M. Samuels of the Michigan State Police. Petitioner alleges that Sergeant Samuels improperly investigated the alleged crime, failed to enforce the law and disclose evidence, provided misleading evidence, and caused Petitioner's conviction. The grounds for relief read:

    I.     Failure to Disclose - RICKO (sic) ACT Sec. 1510 Obstruction of a
            Criminal Investigation True identity of the real suspect. CHUCK
            CURTIS.

    II.    Falsified evidence to the Court's. RICKO (sic) ACT: Sec. 1028 -
            Sec. 1503 - Sec. 102 - Sec. 1512 - Sec. 1510 - Sec. 1510

III.   Suspect Charles Edward Morse was threatened and forced to sign a Statement. RICKO (sic) ACT: Sec. 1512 - Sec. 1513 Tampering, Retaliating against a witness.

IV.   The mother, Penny Curtis was threatened by D/Sgt. Jay M. Samuels to press the charge against Charles Morse or she would loose (sic) her children.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes federal district courts to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Petitioner has no right to relief, because he purports to bring criminal charges against a state policeman. "Generally, a private citizen has no authority to initiate a federal criminal prosecution." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir.1964)). Only the United States as prosecutor can bring such complaints. *See id.*

Furthermore, a state prisoner must exhaust available state remedies before seeking a federal writ of habeas corpus, 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), and Petitioner concedes that he has not raised his habeas claims in state court. Accordingly, the habeas petition [Dkt. #1] is **DISMISSED** without prejudice. Petitioner's motion for discovery is denied as moot.

Date: _MAY 2 3 2005_

LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

2